"In care of"

RFD:

Ryan Adam Dixon

5060 Pecan Road

Ocala, FL 00000

## IN THE UNITED STATED DISTRICT COURT,

## FOR THE WESTERN DISTRICT OF WASHINGTON

Ryan Adam Dixon　　] 　　　　　Demand for a Trial By Jury

　　　　　Plaintiff,　]　　　　　Case No. 2:21-cv-0070 TLF

　　　　　　　vs.　　]　　　　　Reserve the right to amend

Elizabeth Berns　　　　　]

Matthew Scott Goguen　]

Jie Liang Goguen　　　　　]

Yvonne Curtis　　　　　　　]

Jenni R. W. Hallack　　　　]

Cynthia Buhr　　　　　　　　]

Washington State Office of the Attorney General　　　]

Washington State B.A.R. Association　　]

　　　　　Defendants,　　]

FILED
LOGED
RECEIVED

**MAIL**

JAN 28 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY　　　　　　　DEPUTY

## AMENDED COMPLAINT/LAW SUIT AGAINST JUDGE ELIZABETH BERNS, ET AL. FOR VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT OF 1946, 42 U.S.C. § 1983, OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE, AND VIOLATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OR LAW FOR TAKING COURT ACTION WITHOUT JURISDICTION

["Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

## OVERVIEW OF STATEMENT OF CLAIM

Ryan Adam Dixon, Plaintiff, a "State Citizen", is hereby special appearance to file his Notice of Claim & Lawsuit against Judge Elizabeth Berns, et al., for dismissing or failing to rule/answer the Petitioner's (petitioner/plaintiff under the above case number, respondent under the following case numbers) jurisdictional challenge with an affidavit in King County State Superior court under the following case numbers: 20-5-00124-5 SEA & 20-5-00125-3 SEA and other unanswered pleadings in her effort to provide an unfair advantage to her fellow B.A.R. members trying to deprive my rights and liberty without standing, jurisdiction, and a valid enacted law to proceed under. Judge Elizabeth Berns, et al. has violated the "administrative Procedures Act of 1946, 42 U.S.C. § 1983, and obstructed the administration of justice. The Judge also violated the following criminal statutes including but not limited to: 18 USC § 241, Conspiracy Against Rights; 18 USC § 242, Deprivation of Rights Under Color of Law; 18 USC § 1505, Obstruction of Justice; 18 USC § 371, Conspiracy to Commit Offense; 28 USC § 535(b) (1) when she took jurisdiction of the petition to in an ongoing attempt terminate parental rights without judicial authority, without jurisdiction, and without enacted law under the constitution of the State of Washington, and the constitution of the United States of America. Jurisdiction and standing was subsequently challenged without ruling which has resulted in violation of rights, substantial amounts of personal time, emotional trauma, and court costs. The above mentioned Judge has deliberately violated aggrieved petitioner's rights, personal liberties and/or has wantonly refused to provide due process and equal protection to aggrieved litigant before the court and has behaved in a manner inconsistent with that which is needed for full, fair, impartial hearings. The goal of this notice/motion is not to harass or delay, it is to prevent a party from being forced to litigate a matter before a judge with a "bent of mind. See: Johnson v. District Court, 674 P.2d 952, 956 (Colo. 1984). *See also* Goebel v. Benton, 830 P.2d 995 (Colo. 1992); Wright v. District Court, 731 P.2d 661, 664 (Colo. 1987); Hammons v. Birket, 759 P.2d 783, 784 (Colo. Ct. App. 1988), *cert. denied* (Colo. 1988).

**Subject matter jurisdiction** is two part: the statutory or common law authority for the court to hear the case and the appearance and testimony of a competent fact witness, in other words, sufficiency of pleadings.

On or around 11-06-2020, Judge Elizabeth Berns took unlawful judicial jurisdiction in an administrative hearing and ignored the respondent's filings, challenges, and all motions to date, including the following: Demand for Jurisdiction made on 10/18/20;  Notice of Discharge of respondent's attorney on 10/20/20; Motion to Moot until jurisdiction is proven on the record on 10/29/20; Notice of Default for lack of actual injury in fact on 10/30/20; Motion to Sanction Attorney for continuing to attorn on my behalf on 10/25/20; common law writ of Quo Warranto on 11/12/20; a subsequent Jurisdictional Challenge with Affidavit on 12/14/20; a resulting notice of default (#2) for lack of response to both the second jurisdictional challenge and lack of response by the court for a common law writ of Quo Warranto on 1/5/21; Motion to Strike Judge's orders for lack of jurisdiction on 12/20/20; Motion to Recuse on 12/20/20; Notice of Disqualification on 1/5/20. As of the date of this submission, the judge in this case has not ruled on or answered any of the respondent's motions/notices/pleadings and has continued advancing the case by consolidating case numbers, setting status conference dates, trial dates, and refused to set or hear motions/notices/pleadings by and through her bailiff, Kelly Stevens Northrop aka "Kelli Northrop."  Judge Elizabeth Berns has shown a clear and blatant disregard to be impartial and respect the respondent's rights and aforementioned laws in the above styled case.

Additionally, Judge Elizabeth Berns has, regardless of Ryan Adam Dixon's and numerous other motions/pleadings that have not been answered/ruled upon,  has acted on Ryan Dixon's behalf issuing an illegal order for attorney withdrawal forcing continued attorney representation by Jenni Hallack after a notice of discharge was previously filed with the court in accordance with Washington State RPC. Likewise, Judge Elizabeth Berns has exceeded her judicial capacity and has moved the case forward for by scheduling additional status conferences, trial dates, and consolidating case numbers without first addressing two (2) different jurisdictional challenges, and a common law writ of Quo Warranto, and subsequent notices of default filed by Ryan Adam Dixon.

Furthermore, the following parties have precipitated, contributed to, perpetuated, or participated in the unlawful proceedings under the aforementioned referenced laws after Jurisdiction was challenged: Matthew Scott Goguen, petitioner; Jie Liang Goguen, wife of petitioner;  Cynthia F. Buhr on behalf of Skellenger Bender, P.S (petitioner's attorney of record); Yvonne Curtis

(petitioner's previous attorney of record); Jenni Hallack, fired attorney for respondent, and Kelli Northrop aka "Kelly Northrop Stevens," bailiff for Judge Elizabeth Berns.

The applicable Revised Codes of Washington State the court and all parties are working under to facilitate such proceedings include: R.C.W. 26.33.100; 26.09.430 thru 26.09.480. For the statute/R.C.W. to be considered a valid law under the Washington State and national constitution, it requires three elements to be considered a valid law: **a. enacting clause**, b. the title, and c. the body. The codes the court, judge, and petitioner are operating under are not valid law under the constitution of the United States of America and violate Ryan Adam Dixon's constitutional rights, and are in violation of the Administrative and Procedures Act of 1946; 2 U.S.C. § 1983, Obstruction of the Administration of justice, and violation of constitutional rights under color of law for taking court action without jurisdiction.

The constitutional standard for jurisdiction requires an actual injury in fact on the record. Matthew Scott Goguen has not demonstrated an injury in fact nor has he demonstrated any legal standing whatsoever over Ryan Adam Dixon, or the minor child N.L.D., and thus the proceedings continue to deprive the rights and liberty of Ryan Adam Dixon and continue to aggrieve each day the case continues in active status. In Matthew Scott Goguen's petition in the state level parental termination case, he attempts to assume a presumed injury in fact by and through his wife, Jie Liang Goguen, as an allegation without any supporting evidence.

### Continued Statement of Claim

In this case the judge unlawfully took jurisdiction with the following jurisdiction defects on the court record conspiring with fellow B.A.R. member to commit fraud upon the respondent to subsequently deprive his legal rights over his child. The fact the judge ignored or dismissed everything I filed even though the attorneys were in default for failure to respond verifies the fact the judge has creating an unfair advantage for fellow B.A.R. members to my detriment. The Judge is assisting the attorney to unlawfully steal/deprive my rights. The judge's order allowing the attorney to get by without responding to my documents to prove standing is violating me and my constitutional rights to due process before my rights are taken/deprived. Additionally, Cynthia F. Buhr, latest attorney of record for petitioner, is now a party to the case an an accessory to the violation of the respondent's rights by and through continued perpetuation of the

case knowing full well the laws of the land as a competent B.A.R. attorney and the laws, challenges, and pleadings invoked by Ryan Adam Dixon.


**Summary of Claim and Violations** facilitated or perpetuated by Judge Elizabeth Berns; Cynthia Buhr; Yvonne Curtis; Jenni R. W. Hallack; Matthew Scott Goguen; Jie Liang Goguen

1. The aforementioned parties have perpetuated or otherwise moved forward in a petition/case under revised codes of Washington State that is not valid law under the constitution of Washington State or the United States of America.

2. The aforementioned parties have perpetuated or otherwise moved forward without subject matter jurisdiction which requires an actual injury in fact on the record, of which Matthew Scott Goguen has failed to demonstrate himself or by and through his counsel violating the aggrieved plaintiff's constitutional rights.

3. The aforementioned parties have perpetuated or otherwise moved forward without valid *personam* jurisdiction on the record, violating the aggrieved plaintiff's constitutional rights.

4. The aforementioned parties have perpetuated or otherwise moved forward without proper standing over the aggrieved plaintiff, Ryan Adam Dixon. Matthew Scott Goguen & his counsel, have failed to demonstrate standing over Ryan Adam Dixon, or the minor child N.L.D. under a valid law in the State of Washington or any applicable federal/national law. Therefore, if the petitioner, Matthew Scott Goguen does not have legal standing or jurisdiction over Ryan Adam Dixon, or minor child N.L.D. the court lacks standing and jurisdiction.

5. The aforementioned parties have perpetuated or otherwise violated Ryan Adam Dixon's rights under the Administrative and Procedures Act of 1946 by holding the aggrieved petitioner to a code that does not apply to him and any other applicable violation under the aforementioned act.

6. The aforementioned parties have perpetuated or otherwise moved forward under color of law, without standing, jurisdiction, or a valid law to proceed under thereby damaging the plaintiff, Ryan Adam Dixon, and committing the following offenses: 18 USC § 241, Conspiracy Against Rights; 18 USC § 242, Deprivation of Rights Under Color of Law; 18 USC § 1505, Obstruction of Justice; 18 USC § 371, Conspiracy to Commit Offense; 28 USC § 535(b) (1)

7. The Judge in the matter, Elizabeth Berns has violated numerous laws as well as canons by which a judge is subject to obey, as cited above and below, as well as her oath of office, and oath to the Constitution United States of America, and the aggrieved plaintiff, Ryan Adam Dixon.

8. The named attorneys, Jenni R. W. Hallack, Yvonne Curtis, and Cynthia Buhr has violated numerous laws as well as their oath of attorney, and oath to the constitution to the State of Washington/United States of America, and have violated the aggrieved plaintiff, Ryan Adam Dixon by failing to uphold the law and the state/national constitutions.

9. The judge in the matter, Elizabeth Berns has failed to answer any and all motions, filings, and pleadings of Ryan Adam Dixon, including fundamental motions and challenges that deal with standing, jurisdiction, and valid law thereby failing to obey enacted law, the state and national constitutions, canons, and uphold the rights of the aggrieved plaintiff, Ryan Adam Dixon.


## MEMORANDUM OF EVIDENCE/EXHIBITS AND CONTINUED STATEMENT OF CLAIM

See: **Exhibit A**- A filed copy of my initial jurisdictional challenge.

Explanation: Jurisdictional challenge demanding jurisdiction/injury in fact on the record. Judge Berns has failed to rule to date.

Date filed: **10/18/20**

**Exhibit B**- A filed copy of the first notice of default on 10/30/20 for attorney/petitioner failure to respond with an actual injury in fact on the record.

Explanation: Jurisdictional challenge was replied to, without evidence of actual injury by Matthew Goguen, and without addressing *personam* jurisdiction. Judge Berns has failed to rule to date.

Date filed:**10/30/20**

**Exhibit C**- A filed copy of the Motion to Moot petitioner pleadings until Jurisdiction is on the record

Explanation: Motion to moot petitioner/attorney until jurisdiction is proven on the record. <u>Judge Berns has failed to rule to date.</u>

Date filed: **10/29/20**

**Exhibit D-** Judge's filed written order to consolidate case numbers & scheduling of status conferences and trial dates

Explanation: Judge's written order to consolidate case numbers after jurisdictional challenge and subsequent notice of default was made. <u>Judge Berns has failed to rule to date.</u>

Date filed: **11/06/20**

**Exhibit E-** Filed copy of Notice of Discharge of Ryan Adam Dixon's attorney, Jenni Hallack

Explanation: Notice of Discharge filed to the record after a prior objection for attorney to withdraw. Attorney was discharged in accordance with applicable court rules listed in notice of discharge after a continuance was obtained and it was clear attorney withdrawal/discharge would not prejudice Ryan Adam Dixon. However, Judge Berns ignored this notice of discharge and chose to order a withdrawal at a later date, effectively forcing a contractual agreement on behalf of Ryan Adam Dixon, and unknown grievances upon Ryan Adam Dixon that cannot be ascertained due to the original case number being sealed from Ryan Adam Dixon's ability to view, despite being a party to the case. <u>Judge Berns has failed to rule to date.</u>

Date Filed: **10/20/20**

Date of Communication: **On or around 10/20/20**

**Exhibit F-** E-mail communication from all parties (Bailiff for Judge Berns, Yvonne Curtis, and Jenni Hallack—attorneys for Matthew Goguen and Ryan Dixon, respectively) showing intent and actually moving forward with stipulated orders, status conferences, and trial dates with previously discharged attorney Jenni Hallack continuing to act against my will on my behalf after jurisdiction was challenged, and without any ruling on the matter.

Explanation: E-mail communication showing intent to proceed with various court business including stipulated orders, status conferences, trial dates, etc. **after** jurisdictional challenge and subsequent notice of default was made, without ruling, and willful intent to proceed by Jenni

Hallack with the case on Ryan Adam Dixon's behalf after notice of discharge having been filed, and explicit email communication with response directing Jenni Hallack not to act on my behalf. Again, after jurisdictional challenge and notice of default. Judge Berns has failed to rule to date. Date of communication: **Variable; after jurisdictional challenge, notice of default, and discharge of attorney**

**Exhibit G-** Text/Email communication instructing attorney Jenni Hallack on 10/20/20 not to attorn or act on my behalf in any capacity.

Explanation: Further supporting documentation, directed at Matthew Goguen's initial attorney of record and Ryan Adam Dixon's attorney of record, that Jenni Hallack was not to act on my behalf in any capacity effective immediately. Judge Berns has failed to rule to date or otherwise ignored or overrode my notice of discharge with her order to authorize withdrawal without jurisdiction or judicial capacity.

Date filed: **10/20/20**

**Exhibit H-** Judge's filed written order authorizing withdraw of attorney Jenni Hallack

Explanation: Forced contractual agreement of representation by Judge Elizabeth Berns, without jurisdiction, or consent of Ryan Adam Dixon, after notice of discharge was filed with the court. Judge Berns has failed to rule to date or otherwise ignored or overrode my notice of discharge with her order to authorize withdrawal without jurisdiction or judicial capacity.

Date filed:**11/06/20**

**Exhibit I-** A filed copy of Motion to Sanction Attorney

Explanation: Motion of sanction filed due to continued action on behalf of Ryan Adam Dixon's attorney after notice of discharge was filed and subsequent e-mails were made to both Jenni Hallack (Ryan Adam Dixon's fired attorney) and opposing party's attorney of record Yvonne Curtis. Judge Berns has failed to rule to date

Date filed: **10/25/20**

**Exhibit J-** A filed copy of objection to withdraw and objection to consolidating case numbers

Explanation: Objection to attorney withdraw (as Ryan Adam Dixon had already discharged attorney previously and continued fraudulent acts were a concern); Objection to consolidation of case numbers and notice of null and void orders for lack of jurisdiction being ruled on/on the record. Judge Berns has failed to rule to date

Date Filed: **11/12/20**

**Exhibit K-** Notice of objection & non-statutory common law Writ of Quo Warranto Proceeding to Challenge Jurisdiction

Explanation: A proceeding to challenge and clarify jurisdiction. An attempt to obtain a hearing was made and subsequently denied/ignored. Judge Berns has failed to rule/respond to date.

Date Filed: **11/12/20**

**Exhibit L-** Motion to recuse Judge

Explanation: For lack of impartiality; failure to rule on motions; violations of cannons; law violations; proceeding without jurisdiction and a valid law. Judge Berns has failed to rule/respond to date.

Date filed: **12/20/20**

**Exhibit  M-** Jurisdictional Challenge with Affidavit

Explanation: Second jurisdictional challenge; no answer from petitioner, petitioner's attorney, or Judge. Judge to date has failed to rule on this challenge or initial one dated 10/18/20. Judge Berns/petitioner/attorney for petitioner has failed to rule/respond to date.

Date filed: 12/14/20.

**Exhibit N-** Motion to Strike Judge's orders

Explanation: Motion to strike due to case being tainted due to judge taking jurisdiction without legal authority. Judge Berns has failed to rule/respond to date.

Date filed: **12/20/20**

**Exhibit O-** Notice and demand for disqualification of judge

Explanation: In accordance with **R.C.W. 4.12.050** the judge may be **disqualified**. Judge Berns has failed to rule/respond to date.

**Exhibit P- Notice of withdrawal and substitution**

Explanation: Withdrawal of Matthew Scott Goguen's attorney Yvonne Curtis, substitution by Cynthia F. Buhr of Skullenger and Bender, P.S. Cynthia Buhr and associated law firm are now a party to the case and a party of law/rights violations by perpetuating the case forward being competent attorneys and B.A.R. members.

Date filed: **12/15/20**

**Exhibit Q- Notice of Default**

Explanation: Notice of default including court/judge failure to respond/conduct a hearing on common law writ of Quo Warranto to determine jurisdiction; Notice of Default for second Jurisdictional Challenge with an Affidavit. Judge Berns has failed to rule/respond to date.

Date Filed: **1/5/20**


"The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagans v. Lavine, 415 U. S. 533.

"A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well-established law that a void order can be challenged in any court" OLD WAYNE MUT. L. ASSOC. v. McDonough, 204 U. S. 8, 27 S. Ct. 236 (1907).

"There is no discretion to ignore lack of jurisdiction." Joyce v. U.S. 474 2D 215.

### Statement of Jurisdiction:

Federal courts are authorized to hear cases brought under section 1983 pursuant to two statutory provisions: 28 U.S.C.A. § 1343(3) (1948) and 28 U.S.C.A. § 1331 (1948). The former statute permits federal district courts to hear cases involving the deprivation of civil rights, and the latter statute permits federal courts to hear all cases involving a federal question or issue. Cases brought under section 1983 may therefore be heard in federal courts by application of both jurisdictional statutes.

### Elements for Common Law

a. Controversy (Judge Elizabeth Berns; Jenni Hallack; Yvonne Curtis; Cynthia Buhr; Matthew Goguen (petitioner); Jie Liang Goguen; Washington State Office of Attorney General; Washington State Bar Association

b. Specific Claim (Violation of the administrative procedure act. of 1946, and 42 U.S.C. § 1983.)

c. Specific remedy sought by claimant (10,000,000.00) 10-million U.S. Dollars

d. Judges B.A.R. License/certificate – Elizabeth Berns

e. Petitioner's discharged Attorney, Yvonne Curtis B.A.R. License/certificate

f. Petitioner's current attorney of record, Cynthia Buhr B.A.R. License/certificate

g. Respondent's discharged Attorney, Jenni Hallack B.A.R. License/certificate

h. Legal expenses.

1. The attorney/petitioner failed to add a witness or affidavit to the original petition filed in the case.

2. The statute/R.C.W. is missing the a. enacting clause, b. the title, and c. the body or is otherwise incomplete of the three elements, and therefore it is not a valid law that can provide jurisdiction to the court under the constitution of the State of Washington and the constitution of the United States of America.

3. The attorney/petitioner, **failed** to respond to the jurisdictional with an affidavit by counter affidavit, whereby the attorneys are in default.

4. The attorney did not, to the respondent's knowledge object to the motion to moot all their pleading until they prove jurisdiction on the record.

5. There is a fatal flaw in the attorney's parental termination lawsuit, as the attorneys have the wrong person listed as the plaintiff. The plaintiff, Matthew Goguen has no legal standing over the respondent, minor child, as the plaintiff has not ever contracted with or been damaged by the respondent or otherwise in any other case

6. Judge Elizabeth Berns violated my constitutional rights when she ignored or dismissed my initial jurisdictional challenge without demanding the attorneys/petitioner respond on the merits.

7. Judge Elizabeth Berns violated my constitutional rights when she ignored or dismissed my second jurisdictional challenge with an affidavit without demanding the attorneys respond on the merits.

8. Judge Elizabeth Berns violated my constitutional rights when she ignored or dismissed my filings for a common law writ Quo Warranto hearing.

9. Judge Elizabeth Berns violated my constitutional rights when she ignored or dismissed my notice of discharge of Jenni Hallack, thereby forcing an illegal contract to perpetuate on her grounds a court order was required for discharge of attorney despite a clear and cogent Washington State RPC noting respondent can discharge attorney at any time. This action caused an illegal contract to perpetuate between respondent and attorney Jenni Hallack, and further unknown and unauthorized actions that may have been damaging to respondent by and through Jenni Hallack on behalf of the respondent, Ryan Adam Dixon.

10. Judge Elizabeth Berns violated my constitutional rights when she signed orders or stipulated agreed upon orders without my consent and after a jurisdictional challenge to consolidate case numbers and propel the case forward to a new trial date.

11. **Jurisdiction must be proved by the party who filed the case not the judge.**

12. The fact King County Superior Court cannot hear parental termination cases without consent of both parties as the applicable R.C.W. is not enacted law or is otherwise missing the 3 elements to be a valid law and the fact Judge Elizabeth Berns unlawfully ignored or dismissed my jurisdictional challenge with an affidavit will clearly show the judge made her decisions to assist her fellow B.A.R. members with **"deliberate indifference"** to the Constitution or Federal Laws in violation of my constitutional rights.

13. I'm being injured by the judge's failure to force the attorney to follow the law and the F.R.C.P. my right to due process is being violated by the Judges Unfair treatment in court.

14. I'm being injured by the judge/bailiff's requirement to follow court rules, policy, etc. as respondent in the matter, after being forced into controversy by these proceedings, where there is

no requirement by the respondent to follow such rules & policy as they are not enacted by law and respondent does not consent to these proceedings.

15. I'm being injured by the judge/bailiff's refusal to schedule motion hearings and/or the judge ignoring or dismissing my motions/filings without cause.

16. The Judge in this case, has moved forward with stipulated orders facilitated in part by petitioner's discharged attorney Yvonne Curtis and respondent's discharged attorney, Jenni Hallack against petitioner's explicit directions after respondent had fired Jenni Hallack after jurisdiction had been challenged and Jenni Hallack was fired in a fraudulent manner.


"A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.

"A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." Wuest v. Wuest, 127 P2d 934, 937.

"Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." Merritt v. Hunter, C.A. Kansas 170 F2d 739.

"There is no discretion to ignore that lack of jurisdiction." Joyce v. US, 474 F2d 215.

"Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided." Basso v. Utah Power & Light Co., 495 F 2d 906, 910.

"Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." Hill Top Developers v. Holiday Pines Service Corp., 478 So. 2d. 368 (Fla 2nd DCA 1985)

"Once challenged, jurisdiction cannot be assumed, it must be proved to exist." Stuck v. Medical Examiners, 94 Ca 2d 751. 211 P2d 389.

"There is no discretion to ignore that lack of jurisdiction." Joyce v. US, 474 F2d 215.

"The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert, 469 F2d 416.

"Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term." Dillon v. Dillon, 187 P 27.

A judgment rendered by a court without personal jurisdiction over the defendant is void. It is a nullity. [A judgment shown to be void for lack of personal service on the defendant is a nullity.] Sramek v. Sramek, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553 (1992), rev. denied 252 Kan. 1093 (1993).

A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil action for his acts. *Davis v. Burris*, 51 Ariz. 220, 75 P.2d 689 (1938).

When a judge knows that he lacks jurisdiction or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost. *Rankin v. Howard*, (1980) 633 F.2d 844, cert. den. *Zeller v. Rankin*, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326.

When a judicial officer acts entirely without jurisdiction or without compliance with jurisdiction requisites he may be held civilly liable for abuse of process even though his act involved a decision made in good faith, that he had jurisdiction. *Little v. U.S. Fidelity & Guaranty Co.*, 217 Miss. 576, 64 So. 2d 697.

"We (judges) have no more right to decline the exercise of jurisdiction, which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution." *Cohen v. Virginia*, (1821), 6 Wheat. 264 and *U.S. v. Will*, 499 U.S. 200.

**Judges Immunity:**

"A plaintiff will overcome the presumption of immunity only by showing, first, that the official violated the plaintiff's federal statutory or constitutional rights, and, second, that the rights in question were clearly established at the time of their alleged violation." Folkers v. Drill, 2015 U.S. Dist. LEXIS 99101, *13-15 (D. Kan. July 29, 2015).

As a general rule, Judges cannot be held liable for money damages for acts done in the exercise of his/her judicial function, within the limits of his jurisdiction, no matter how erroneous, illegal or malicious his acts may be. (48A Corpus Juris Secundum §86). A minority of decisions have

held that if an inferior judge acts maliciously or corruptly he may incur liability. Kalb v. Luce, 291 N.W. 841, 234, WISC 509.

That failure to follow simple guidelines of their post and or the rule of law makes a judge's action no longer a judicial act but an Individual act as the act represents their own prejudices and goals. **Case Law also states that when a judge acts as a trespasser of the law when a judge does not follow the law, he then loses subject matter jurisdiction and the Judges orders are void, of no legal force or effect.** In a limited government, a government limited by the constitution, the violation of a citizens rights should never be justified due to the overriding government goals or objectives, and that no branch of the government be allowed to extend its power beyond its legal limits. The above issues are one of the outstanding reasons why the framers of the constitution installed Trial by Jury as the Seventh Amendment.  Case Law has proven that judicial immunity is not absolute. The following statements and case law will highlight limits to judicial immunity. A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil action for his acts. Davis v. Burris, 51 Ariz. 220, 75 P.2d 689 (1938) Generally, judges are immune from suit for judicial acts within or in excess of their jurisdiction even if those acts have been done maliciously or corruptly; the only exception being for acts done in the clear absence of all jurisdiction. Gregory v. Thompson, 500 F2d 59 (C.A. Ariz. 1974).

The fact Judge Elizabeth Berns dismissed or otherwise ignored all of my motions/filings to assist the the petitioner/attorney in the aforementioned King County Superior Court case numbers verifies I will be injured if she is not restrained.

## VIOLATION OF WASHINGTON STATE CANONS BY JUDGE ELIZABETH BERNS

**CANON 1**

A JUDGE SHALL UPHOLD AND PROMOTE THE INDEPENDENCE, INTEGRITY, AND IMPARTIALITY OF THE JUDICIARY, AND SHALL AVOID

IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY.

**RULE 1.1**

**Compliance with the Law**

A judge shall comply with the law,* including the Code of Judicial Conduct.

**RULE 1.2**

**Promoting Confidence in the Judiciary**

A judge shall act at all times in a manner that promotes public confidence in the independence,* integrity,* and impartiality* of the judiciary, and shall avoid impropriety and the appearance of impropriety.*

**CANON 2**

A JUDGE SHOULD PERFORM THE DUTIES OF JUDICIAL OFFICE IMPARTIALLY, COMPETENTLY, AND DILIGENTLY.

**Rule 2.1**

**Giving Precedence to the Duties of Judicial Office fairly and impartially**

Comments

[1] To ensure impartiality and fairness to all parties, a judge must be objective and open-minded.

[2] Although each judge comes to the bench with a unique background and personal philosophy, a judge must interpret and apply the law without regard to whether the judge approves or disapproves of the law in question.

[4] It is not a violation of this Rule for a judge to make reasonable accommodations to ensure pro se litigants the opportunity to have their matters fairly heard.

**RULE 2.3**

**Bias, Prejudice, and Harassment**

(A) A judge shall perform the duties of judicial office, including administrative duties, without bias or prejudice.

(B) A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, or engage in harassment, and shall not permit court staff, court officials, or others subject to the judge's direction and control to do so.

## RULE 2.6

### Ensuring the Right to Be Heard

(A) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law.*

(B) Consistent with controlling court rules, a judge may encourage parties to a proceeding and their lawyers to settle matters in dispute but should not act in a manner that coerces any party into settlement.

Comments

[1] The right to be heard is an essential component of a fair and impartial system of justice. Substantive rights of litigants can be protected only if procedures protecting the right to be heard are observed.

[2] The judge plays an important role in overseeing the settlement of disputes, but should be careful that efforts to further settlement do not undermine any party's right to be heard according to law. The judge should keep in mind the effect that the judge's participation in settlement discussions may have, not only on the judge's own views of the case, but also on the perceptions of t he lawyers and the parties if the case remains with the judge after settlement efforts are unsuccessful. Among the factors that a judge should consider when deciding upon an appropriate settlement practice for a case are (1) whether the parties have requested or voluntarily consented to a certain level of participation by the judge in settlement discussions, (2) whether the parties and their counsel are relatively sophisticated in legal matters, (3) whether the case will be tried by the judge or a jury, (4) whether the parties participate with their counsel in settlement discussions, (5) whether any parties are unrepresented by counsel, and (6) whether the matter is civil or criminal

## RULE 2.7

### Responsibility to Decide

A judge shall hear and decide matters assigned to the judge, except when disqualification or recusal is required by Rule 2.11 or other law.

**Disqualification**

(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality* might reasonably be questioned, including but not limited to the following circumstances:

(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge* of facts that are in dispute in the proceeding.

Comment

[1] Judges must be available to decide the matters that come before the court. Although there are times when disqualification is necessary to protect the rights of litigants and preserve public confidence in the independence, integrity, and impartiality of the judiciary, judges must be available to decide matters that come before the courts.

Unwarranted disqualification may bring public disfavor to the court and to the judge personally. The dignity of the court, the judge's respect for fulfillment of judicial duties, and a proper concern for the burdens that may be imposed upon the judge's colleagues require that a judge not use disqualification or recusal to avoid cases that present difficult, controversial, or unpopular issues.

(c) a person who has more than a de minimis* interest that could be substantially affected by the proceeding;

Comments

[1] Under this Rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions of paragraphs (A)(1) through (5) apply. In many jurisdictions in Washington, the term "recusal" is used interchangeably with the term "disqualification."

[2] A judge's obligation not to hear or decide matters in which disqualification is required applies regardless of whether a motion to disqualify is filed

**RULE 2.12**

**Supervisory Duties**

(A) A judge shall require court staff, court officials, and others subject to the judge's direction and control to act with fidelity and in a diligent manner consistent with the judge's obligations under this Code.

(B) A judge with supervisory authority for the performance of other judges shall take reasonable measures to ensure that those judges properly discharge their judicial responsibilities, including the prompt disposition of matters before them.

Comments

[2] Public confidence in the judicial system depends upon timely justice. To promote the efficient administration of justice, a judge with supervisory authority must take the steps needed to ensure that judges under his or her supervision administer their workloads promptly.

**RULE 2.13**

**Administrative Appointments**

(A) In making administrative appointments, a judge:

(1) shall exercise the power of appointment impartially* and on the basis of merit;

**RULE 2.15**

**Responding to Judicial and Lawyer Misconduct**

(A) A judge having knowledge* that another judge has committed a violation of this Code that raises a substantial question regarding the judge's honesty, trustworthiness, or fitness as a judge in other respects should inform the appropriate authority.*

(B) A judge having knowledge that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects should inform the appropriate authority.

[Adopted effective January 1, 2011.]

**Conclusion:**

The judge's decision to assume the case, ruling and/or signed orders to advance the the above styled case numbers forward after challenging jurisdiction, standing, and invoking various laws, violated my Constitutional Rights guaranteed by both the State and Federal Constitution due to the jurisdictional defects noted in the court record and ignored by the judge/court. "A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409. "A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." Wuest v. Wuest, 127 P2d 934, 937.

"Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." Merritt v. Hunter, C.A. Kansas 170 F2d 739.

## RELIEF SOUGHT BY PLAINTIFF

1. This claim for violating my constitutional rights and various law violations is for **10,000,000.00 USD;**
2. **Judge Elizabeth Berns B.A.R. License/certificate**;
3. Yvonne Curtis B.A.R. License/certificate;
4. Jenni R. W. Hallack B.A.R. License/certificate;
5. Cynthia F. Buhr B.A.R. License/certificate;
6. Legal expenses in the amount to be determined at the conclusion of the case.
7. The petition/case by the petitioner in King County Superior Court, by Matthew Goguen and through counsel be dismissed with prejudice and closed under the following case numbers: 20-5-00124-5 SEA and 20-5-00125-3 SEA;
8. Unsealed and remote access granted to Ryan Adam Dixon under case numbers: 20-5-00124-5 SEA and 20-5-00125-3;

9. And any other civil suit/petition related to the termination of Ryan Adam Dixon's parental rights and/or the adoption of the minor child, N.L.D. to be dismissed with prejudice.


_____  1/23/2021

Ryan Adam Dixon

Without Prejudice UCC 1-308


CC:

Washington State Office of the Attorney General

1125 Washington St SE

Olympia WA 98501


Washington State B.A.R. Association

1325 4th Ave, Unit 600

Seattle, WA 98101



FROM:
Ryan A Dixon
5860 Pecan Rd
Ocala FL
34472

TO:
U.S. District Court
700 Stewart St.
Room 2310
Seattle, WA
98101

PRIORITY MAIL 2-DAY®

US POSTAGE PAID
$8.25

Origin: 34472
01/25/21
1168010518-47

2 Lb 8.40 Oz
1021

C028

EXPECTED DELIVERY DAY: 01/28/21

SHIP
TO:
700 STEWART ST
STE 2310
Seattle WA 98101-4442

USPS TRACKING® NUMBER

9505 5103 7492 1025 7396 09

Legal Flat Rate Envelope
EP14L May 2020
OD: 15 x 9.5

PS00001000060

PRIORITY MAIL
LEGAL FLAT RATE ENVELOPE

UNITED STATES
POSTAL SERVICE