UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN ADAM DIXON,<br><br>              Plaintiff,<br><br>   v.<br><br>ELIZABETH BERNS, et al.,<br><br>              Defendants. | Case No. C21-70 RSM-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 4, 2021 |

This matter comes before the Court on defendant Curtis' motion to dismiss (Dkt. 19), plaintiff's motion for voluntary dismissal (Dkt. 22) and stipulated motion to dismiss (Dkt. 23). Plaintiff is proceeding *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the Court should deny defendant Curtis' motion to dismiss (Dkt. 19) as moot, grant plaintiff's motion for voluntary dismissal (Dkt. 22) and grant the stipulated motion to dismiss (Dkt. 23).

## BACKGROUND

Plaintiff brings this action against a number of defendants pursuant to 42 U.S.C. § 1983 for alleged violations of plaintiff's constitutionally protected rights. Dkt. 4. On March 10, 2021 defendant Curtis filed a motion to dismiss plaintiff's claims against defendant Curtis pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 19. On

March 13, 2021, plaintiff filed a notice of voluntary dismissal requesting that the Court dismiss defendants Hallack, Buhr, Washington State Office of the Attorney General and the Washington State Bar Association. Dkt. 22. On March 15, 2021, plaintiff and defendant Curtis filed a stipulated motion to dismiss all claims against defendant Curtis with prejudice. Dkt. 23.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(a)(1), an action may be dismissed by the plaintiff without a court order by filing:

> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

After service of an answer or motion for summary judgment, dismissal by plaintiff must be sought under Rule 41(a)(2), which provides, in part that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. […] Unless the order states otherwise a dismissal under this paragraph (2) is without prejudice.

The decision to grant a voluntary dismissal pursuant to Rule 41(a)(2) is within the sound discretion of the court. *Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). For purposes of voluntary dismissal, "legal prejudice" means prejudice to a legal interest, claim or argument. *Id.* at 976. Finally, when a party moves to voluntarily dismiss an action without specifying whether they

REPORT AND RECOMMENDATION - 2

seek to dismiss the action with or without prejudice, the determination is left to the discretion of the court. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).

Plaintiff has not served defendant Hallack, Buhr, the Washington State Office of Attorney General or the Washington State Bar Association. *See*, Dkt. 22. None of these defendants have filed an answer or motion for summary judgment. Accordingly, pursuant to Fed. R. Civ. P. 41(a)(1) plaintiff may dismiss this action without Court order by filing a notice of dismiss. Accordingly, the Court should terminate this action against these defendants and dismiss the defendants without prejudice pursuant to plaintiff's notice of dismissal.

Similarly, defendant Curtis has filed a motion to dismiss, but has not filed an answer or motion for summary judgment. Dkt. 19. The Court should grant plaintiff and defendant Curtis' stipulated motion (Dkt. 23) and dismiss plaintiff's claims against defendant Curtis with prejudice.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court deny defendant Curtis' motion to dismiss (Dkt. 19) as moot, grant plaintiff's motion for voluntary dismissal (Dkt. 22) and grant the stipulated motion to dismiss (Dkt. 23).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a

REPORT AND RECOMMENDATION - 3

1  response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set

2  for consideration on June 4, 2021, as noted in the caption.

3       Dated this 19th day of May, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4