UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN ADAM DIXON,<br><br>               Plaintiff,<br><br>v.<br><br>ELIZABETH BERNS, et al.,<br><br>               Defendants. | Case No. 2:21-cv-0070-RSM-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for October 8, 2021 |

This matter comes before the Court on defendant Judge Elizabeth Berns' motion to dismiss (Dkt. 31) and plaintiff's amended complaint (Dkt. 4). For the reasons set forth herein, the Court should GRANT Judge Bern's motion to dismiss (Dkt. 31) and DISMISS plaintiff's claims against Judge Berns with prejudice. Additionally, the Court should DISMISS plaintiff's remaining claims with prejudice -- on the Court's own motion -- for failure to state a claim. Finally, the Court should deny all other pending motions in this action as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brings this action against a number of defendants pursuant to 42 U.S.C § 1983 alleging violations of his constitutionally protected rights. Amended Complaint, Dkt. 4. Plaintiff's complaint alleges that Judge Berns violated plaintiff's rights and violated criminal statutes by dismissing or failing to rule on plaintiff's jurisdictional challenges in previous state court proceedings. Dkt. 4 at 2. Plaintiff contends that Judge

REPORT AND RECOMMENDATION - 1

Berns did this to provide members of the State Bar an unfair advantage by allowing them to proceed without standing and without the Court's jurisdiction. Dkt. 4 at 2. Plaintiff alleges that this conduct violated the Administrative Procedures Act, and various criminal statutes. Dkt. 4 at 2.

The amended complaint contends that Judge Berns took jurisdiction of a state court proceeding involving plaintiff and continued presiding over the litigation despite plaintiff's contention that the she lacked jurisdiction to hear the matter. Dkt. 4 at 3. The amended complaint states that Judge Berns violated plaintiff's rights by holding state court proceedings despite plaintiff's objections and motions. Dkt. 4 at 3. Plaintiff maintains that the following defendants have violated plaintiff's rights by participating in the state proceedings despite plaintiff's jurisdictional challenges: Matthew Scott Goguen, Jie Liang Goguen, Cynthia F. Buhr, Yvonne Curtis, and Jenni Hallack. Dkt. 4 at 3, 5-6. The complaint further alleges that RCW. 26.33.100, 26.09.430 thru 26.09.480 are invalid and violate plaintiff's rights. Dkt. 4 at 4. Plaintiff does not explain why these statutes are allegedly invalid or how they impact his rights. Dkt. 4

Further, plaintiff contends that Judge Berns took jurisdiction over plaintiff's claims as part of a conspiracy with members of the Washington State Bar to commit fraud against him and to remove plaintiff's child from his custody. Dkt. 4 at 4. Plaintiff also contends that Judge Berns is violating plaintiff's rights by requiring the parties to follow the court's local rules. Dkt. 4 at 12-13. The amended complaint requests that, in addition to damages, the Court should revoke several attorney's licenses, reverse Judge Berns' rulings, order state court proceedings be dismissed with prejudice and restore plaintiff's parental rights. Dkt. 4 at 20-21.

Plaintiff has voluntarily dismissed the following defendants: Yvonne Curtis, Jenni R. W. Hallack, Cynthia Buhr, the Washington State Office of Attorney General, and Washington State Bar Association. Dkt. 22, 23. Accordingly, the only remaining defendants are Judge Elizabeth Berns, Matthew Scott Goguen, and Jie Liang Goguen. Dkt. 4. Judge Berns has filed a motion to dismiss for failure to state a claim and under the doctrine of judicial immunity. Dkt. 31.

In support of his claims, plaintiff attached a number of documents to his amended complaint. Dkt. 4-1 at 1-128, Exhibit A-Q. The documents that plaintiff submitted are copies of documents filed before the Washington Superior Court in and for King County in plaintiff's underlying state litigation and email communications about the litigation. *Id.*

## DISCUSSION

A federal court may dismiss a claim *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See, Reed v. Lierance*, 863 F.3d 1196, 1207 (9th Cir. 2017); *Omar v. Sea-Land Services, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Unless the plaintiff could not possibly win relief on their claims, the Court must give *pro se* litigants notice of its intention to dismiss and afford the plaintiff an opportunity to at least submit a written memorandum in opposition. *On Demand Direct Response, LLC v. McCart-Pollak*, 842 Fed. Appx. 151, 152 (9th Cir. 2021); *Omar*, 813 F.2d at 991.

When reviewing a complaint pursuant to Rule 12(b)(6), the Court must accept as true "all well-pleaded allegations of fact in the complaint and construe them in the light most favorable to the non-moving party." *Cedar Point Nursery v. Shiroma,* 923 F.3d 524, 530 (9th Cir. 2019) (internal quotation omitted). The Court is not required to accept

1  legal conclusions couched as factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
2  (2009). The Court may only consider the complaint, materials incorporated into the
3  complaint by reference, and matters of which the court may take judicial notice. *Cedar*
4  *Point Nursery,* 923 F.3d at 530.

5       To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual
6  matter to "state a claim to relief that is plausible on its face." *Ashcroft,* 556 U.S. at 678.
7  A claim is plausible on its face if the pleaded facts allow the court to draw the
8  reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft,*
9  556 U.S. at 678. When evaluating a 12(b)(6) motion, the court may only consider the
10 complaint, materials incorporated into the complaint by reference, and matters of which
11 the court may take judicial notice.  *Cedar Point Nursery*, 923 F.3d at 530.

12      When a plaintiff appears *pro se* in a civil rights case, "the court must construe the
13 pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v.*
14 *Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient
15 standard does not excuse a *pro se* litigant from meeting the most basic pleading
16 requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst,* 227 F.3d
17 1104, 1107-08 (9th Cir. 2000).

18      42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected
19 rights caused by persons acting under color of state law." *Parratt v. Taylor,* 451 U.S.
20 527, 535 (1981) *overruled in part on other grounds by Daniels v. Williams,* 474 U.S. 327
21 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct
22 complained of was committed by a person acting under color of state law, and (2) the
23 conduct deprived a person of a right, privilege, or immunity secured by the Constitution

24

25

REPORT AND RECOMMENDATION - 4

1  or laws of the United States. *Id.* Section 1983 is the appropriate avenue to remedy an
2  alleged wrong only if both of these elements are present. *Haygood v. Younger,* 769
3  F.2d 1350, 1354 (9th Cir. 1985).

4      To state a claim under Section 1983, a plaintiff must set forth the specific factual
5  basis upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616
6  F.2d 1089, 1092 (9th Cir. 1982). Vague and conclusory allegations of officials
7  participating in a civil rights violation are not sufficient to support a claim under Section
8  1983. *Ivey v. Board of Regents,* 673 F.2d 266, 269 (9th Cir. 1982).

9      A.  Rooker-Feldman

10     Based on the allegations in plaintiff's amended complaint and the documents
11 plaintiff has incorporated into his complaint, plaintiff's claims are barred by the Rooker-
12 Feldman doctrine.

13     "Rooker-Feldman is a powerful doctrine that prevents federal courts from second
14 guessing state court decisions by barring the lower federal courts from hearing de facto
15 appeals from state court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.
16 2003). The Rooker-Feldman doctrine prohibits a district court from reviewing the
17 decision of a state court when: 1) a federal plaintiff asserts as their legal injury, a legal
18 error by the state court and 2) seeks as their remedy, relief from the state court
19 judgment. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

20     Plaintiff's amended complaint alleges that his injuries arise from state court
21 proceedings before Judge Berns. Specifically, plaintiff alleges that Judge Berns violated
22 his rights by conducting state court hearings, requiring him to follow the state court's
23 local rules and for denying his challenges to the court's jurisdiction. Additionally, plaintiff
24
25

REPORT AND RECOMMENDATION - 5

alleges that the other named defendants violated his rights by participating in the proceedings despite knowing of his jurisdictional challenges. Plaintiff further alleges that the defendants violated plaintiff's rights by failing to demonstrate proper standing or that the court had proper jurisdiction. Plaintiff seeks as a remedy, relief from the state court judgments and an order from this Court directing the state court to dismiss certain state court proceedings.

Based on the factual allegations in plaintiff's amended complaint and the documents attached to his complaint, it appears that plaintiff is bringing this action as a de facto appeal of a state court judgment. Therefore, plaintiff's claims are barred by the Rooker-Feldman doctrine.

B. Judicial Immunity

Plaintiff's claims against Judge Berns are barred by judicial immunity.

"Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citation omitted). Judges only lose absolute immunity when they act in clear absence of all jurisdiction or perform acts not in a judicial nature. *Id.* "[J]udicial immunity is not overcome by allegations of bad faith or malice"; and it is an immunity from suit, not simply from an ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). Judges retain their immunity even when accused of acting maliciously, or conspiring to produce a certain decision. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc).

Here, plaintiff's claims challenge Judge Berns decisions during state court proceedings. Judge Berns' alleged wrongful conduct was taken in her role as a judge.

Plaintiff's claims do not allege any facts indicating that Judge Berns' actions were taken outside of her role as a judge, only that he disagrees with her decisions and conduct. Accordingly, Judge Berns is absolutely immune from plaintiff's claims unless she acted in clear absence of all jurisdiction.

Plaintiff contends that Judge Berns has harmed plaintiff by denying his motions challenging her jurisdiction over a state court proceeding, but provides no facts explaining how Judge Berns is acting in absence of all jurisdiction. Plaintiff's complaint does not explain why he believes Judge Berns lacked jurisdiction over the state court proceedings. Additionally, even if plaintiff alleges facts explaining how Judge Berns erroneously denied plaintiff's motions, the Court would be precluded from reviewing Judge Berns decisions pursuant to the Rooker-Feldman doctrine. The Court cannot hear a de facto appeal of Judge Berns' decisions in a state court proceeding.

Based on the foregoing, the doctrine of judicial immunity bar plaintiff's claims against Judge Berns.

### C. Matthew Scott Goguen and Jie Liang Goguen

The only other remaining defendants named in plaintiff's complaint are Matthew Scott Goguen and Jie Liang Goguen. Plaintiff's complaint fails to allege a cognizable Section 1983 cause of action against both remaining defendants.

To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege or immunity secured by the Constitution or laws of the United States. *Parrat*, 451 U.S. at 535. Section 1983 is the appropriate

REPORT AND RECOMMENDATION - 7

avenue to remedy an alleged wrong only if both of these elements are present. *Haygood*, 769 F.2d at 1354.

Here, plaintiff's complaint alleges that Matthew Scott Goguen and Jie Liang Goguen are private individuals and alleges that they violated his rights by participating in the underlying state court proceeding. Plaintiff does not allege any facts indicating that either Matthew Scott Goguen or Jie Liang Goguen were or are government officials acting under color of state law.

Accordingly, plaintiff's complaint fails to allege a Section 1983 cause of action against Matthew Scott Goguen or Jie Liang Goguen.

### D. Amended Complaints

In response to Judge Bern's motion to dismiss, plaintiff has filed two amended complaints. Dkt. 39, 40. The Court should strike these amended complaints and should not consider the complaints as the operative complaint in this action.

Pursuant to Federal Rule of Civil Procedure 15(a), after an initial 21-day period for amendment as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The Court must consider five factors when determining the propriety for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Desertrain*, 754 F.3d at 1154; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Plaintiff filed the proposed amended complaints beyond the 21-day period for amendment as of right. Dkt. 39, 40. Accordingly, plaintiff would need the opposing

party's written consent or leave of court to file the amended complaints. Plaintiff has not indicated that any opposing party has consented to the amended complaint, and plaintiff did not seek leave of court to file the amended complaints. Therefore, plaintiff's amended complaints are improperly filed in violation of Fed. R. Civ. P. 15(a).

Additionally, the amended complaints raise the same claims as the operative complaint, based on the same factual allegations. Dkt. 39, 40. Accordingly, even if plaintiff properly sought leave of court to file the proposed amended complaints, the amended complaints would suffer from the same deficiencies as the operative complaint and would be equally subject to dismissal. Therefore, the Court should strike these amended complaints as futile.

## LEAVE TO AMEND

Where a *pro se* litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend when amendment would be futile, or the amended complaint would be subject to dismissal. *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991), *McCart-Pollak*, 842 Fed. Appx. at 152.

Plaintiff cannot amend the complaint to cure the deficiencies identified in this Report and Recommendation. First, plaintiff's claims are barred by the Rooker-Feldman doctrine because plaintiff's complaint is a de facto appeal of a state court decision. Additionally, plaintiff's claims against Judge Berns are barred by the doctrine of judicial immunity.

Finally, plaintiff's claims against Matthew Scott Goguen and Jie Liang Goguen allege that they participated in a private litigation against plaintiff and violated plaintiff's rights by failing to demonstrate proper standing or that the court had proper jurisdiction. Plaintiff's complaint states that the Goguen defendants are private litigants and not government officials. Accordingly, plaintiff's complaint fails to allege that they acted under color of state law and amendment could not cure this defect. Additionally, plaintiff's claims against the Goguen defendants are barred by the Rooker-Feldman doctrine because they seek reversal of rulings made in state court proceedings.

Based on the foregoing, plaintiff's claims are barred as a matter of law and the Court should deny leave to amend because amendment would be futile.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court GRANT Judge Bern's motion to dismiss (Dkt. 31) with prejudice. Additionally, the Court should dismiss plaintiff's remaining claims with prejudice. Finally, the Court should deny the following pending motions as moot:

- Dkt. 28: Request/Motion for Default
- Dkt. 33: Motion to Compel
- Dkt. 34: Motion to Strike Notice of Appearance
- Dkt. 35: Motion for Sanctions
- Dkt. 47: Motion to Seal
- Dkt. 53: Motion for Default Judgment

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule

REPORT AND RECOMMENDATION - 10

of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the above time limit, the Clerk shall set this matter for consideration on **October 8, 2021**, as noted in the caption.

Dated this 24th day of September, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11