1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN ADAM DIXON

                    Plaintiff,

        v.

ELIZABETH BERNS, *et al.*,

                    Defendants.

CASE NO. C21-0070 RSM

ORDER ADOPTING REPORT AND
RECOMMENDATION

## I.      INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R & R") of the Honorable Theresa L. Fricke, United States Magistrate Judge.  Dkt. #55.  Plaintiff Ryan Adam Dixon, proceeding pro se, brings this 42 U.S.C. § 1983 civil rights action against various Defendants related to prior state court proceedings.  Dkt. #4.  Having considered Plaintiff's amended complaint, the R & R, Plaintiff's Objections, and the remainder of the record, the Court approves and adopts the R & R as set forth below.

## II.      BACKGROUND

The Court incorporates by reference the factual background as set forth in the R & R.  *See* Dkt. #55.  Plaintiff alleges that Judge Berns violated his rights and violated criminal statutes by dismissing or failing to rule upon his jurisdictional challenges in previous state court proceedings.  Dkt. #4 at 2.  Plaintiff further alleges that the remaining defendants violated his rights by

1    participating in the state court proceedings, despite his jurisdictional challenges. *Id.* Since Plaintiff

2    has voluntarily dismissed several defendants, the following defendants remain in this action: Judge

3    Elizabeth Berns, Matthew Scott Goguen, and Jie Liang Goguen. *See* Dkts. #22, #23.

4          On September 24, 2021, Judge Fricke issued the R & R recommending dismissal of

5    Plaintiff's amended complaint without leave to amend. Dkt. #55. Judge Fricke concluded that

6    Plaintiff's claims are barred by the Rooker-Feldman doctrine because his complaint is a de facto

7    appeal of a state court decision. Furthermore, Judge Fricke determined that Plaintiff's claims

8    against Defendant Berns were barred by judicial immunity while his claims against the Goguens

9    failed to allege a cognizable cause of action. *Id.* Having concluded that Plaintiff's claims are

10    barred as a matter of law, Judge Fricke recommended dismissal of the complaint without leave to

11    amend. *Id.*

12          Plaintiff failed to file Objections by the October 8, 2021 deadline. Instead, Plaintiff sought

13    a time extension until October 15, 2021, Dkt. #56, which Defendant Berns opposes. Dkt. #57. On

14    October 15, 2021, Plaintiff filed Objections. Dkt. #58.

15                           **III.    DISCUSSION**

16    **A. Legal Standard**

17          A district court has jurisdiction to review a Magistrate Judge's report and recommendation

18    on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any

19    part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the

20    court may accept, reject, or modify, in whole or in part, the findings or recommendations made by

21    the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the

22    report and recommendation to which specific written objection is made. *United States v. Reyna-*

23    *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

1    **B. Analysis**

2          As an initial matter, the Court finds Plaintiff's request for a time extension unsupported.

3    Plaintiff states that he is a front-line worker with reduced availability to litigate this action due to

4    the pandemic but provides no sworn statement in support of this claim.  Dkt. #57 at 2.  On this

5    basis alone, adoption of the R & R without consideration of Plaintiff's Objections is proper.

6          Even if the Court considered Plaintiff's untimely Objections, dismissal without leave to

7    amend is appropriate.  The gravamen of Plaintiff's objection is that Judge Fricke considered the

8    amended complaint filed on January 28, 2021, Dkt. #4, instead of the amended complaint he filed

9    on May 16, 2021.  *See* Dkt. #40.  Plaintiff claims that his January 28, 2021 complaint "does not

10   contain the most up to date elements of the complaint."  *Id.* at 2.

11         Judge Fricke acknowledged Plaintiff's untimely amended complaints and determined that

12   they should be stricken.  The Court agrees.  Rule 15(a) provides that after the 21-day period for

13   amendment as of right has expired, pleadings may only be amended with the opposing party's

14   written consent or by leave of court.  Fed. R. Civ. P. 15(a).  Here, Plaintiff filed both complaints

15   beyond the 21-day period for amendment as of right.  He did not seek leave of this Court or from

16   Defendants to file his amended complaints.  Instead, he filed them in lieu of reply briefs to

17   Defendant Berns' motion to dismiss.  *See* Dkts. #39, #40.  Given these improper filings, Judge

18   Fricke correctly identified the January 28, 2021 complaint as the operative complaint.

19         Moreover, Plaintiff's amended complaints raise the same claims as the operative complaint

20   and are likewise barred as a matter of law under the Rooker-Feldman doctrine.  The Rooker-

21   Feldman doctrine bars district court review of a state court decision "when the federal plaintiff

22   both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from

23   the state court judgment."  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004)

(emphasis in original).  Such is the case here, where Plaintiff alleges legal errors committed by Judge Berns in the state court proceedings and requests relief from the state court's judgments and an order directing the state court to dismiss certain state court proceedings.  *Id.*  Accordingly, the Court agrees with the conclusion of the R & R that Plaintiff brings this action as a de facto appeal of a state court judgment and is precluded from doing so by the Rooker-Feldman doctrine.  Because Plaintiff's claims are barred as a matter of law, amendment would be futile.  Dismissal without leave to amend is therefore proper.

## IV.  CONCLUSION

Having reviewed the Report and Recommendation of the Honorable Theresa L. Fricke, United States Magistrate Judge, Plaintiff's Objections, and the remaining record, the Court finds and ORDERS:

(1)   The Court ADOPTS the Report and Recommendation, Dkt. #55.

(2)   Defendant Berns' motion to dismiss, Dkt. #31, is GRANTED.

(3)   Plaintiffs' remaining claims are dismissed with prejudice.

(4)   All pending motions are terminated as moot.

(5)   The Clerk is directed to send copies of this Order to the parties and to Judge Fricke.

DATED this 22nd day of October, 2021.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND
RECOMMENDATION - 4